UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW JOSEPH PITRE | CIVIL ACTION |
| VERSUS | NO: 22-2692 |
| ORLEANS PARISH COMMUNICATIONS DISTRICT | SECTION: "A" (1) |

### ORDER AND REASONS

The following motion is before the Court: **FRCP 12(b)(5) Motion to Dismiss (Rec. Doc. 12)** filed by the defendant, Orleans Parish Communications District ("OPCD"). The plaintiff has not responded to the motion. The motion, scheduled for submission on May 10, 2023, is before the Court on the briefs without oral argument.[1]

This is an employment discrimination lawsuit that was filed in the Civil District Court for the Parish of Orleans. The sole federal claim alleged is brought pursuant to 42 U.S.C. § 1983 to vindicate First Amendment rights. The plaintiff was terminated from his employment with the OPCD on December 8, 2020. Therefore, all alleged acts upon which the lawsuit is based occurred on or before that date. The action was filed on June 22, 2021, and the OPCD removed the action from Orleans Parish to this Court on August

---

[1] Local Rule 7.5 of this district requires that a memorandum in opposition to a motion be filed **no later than 8 days before the noticed submission date**. Therefore, any opposition to the motion to dismiss was due by Tuesday, the 2nd of May. The Court has received no request for an extension of time. The plaintiff should note going forward that failure to timely respond to a motion, or to request an extension from the Court, may very well result in a dismissal of his lawsuit with prejudice. *See Trevino v. City of Fort Worth*, 944 F.3d 567 (5th Cir. 2019). On the other hand, an opposition to a motion to dismiss may not be required under all circumstances, and granting one as a sanction due to the plaintiff's failure to comply with a local rule is frowned upon in this circuit. *See Webb v. Morella*, 457 Fed. App'x 448 (5th Cir. 2012). For this reason, the Court has considered the merits of the arguments made in the motion to dismiss and has declined to simply deem the motion as being unopposed.

17, 2022.

The OPCD's motion to dismiss seeks dismissal of this civil action without prejudice based on the failure to timely request service on the defendant in accordance with state law, La. R.S. § 13:5107(D)(1), which applies to the events at issue that occurred prior to removal. *See Cruz v. La. Dept. of Pub. Safety & Corrections*, 528 F.3d 375 (5th Cir. 2008). Section 13:5107 states in relevant part:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be **_requested within ninety days of the commencement of the action_** or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver . . . .
> If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be **_dismissed without prejudice_**, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
> When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, **_shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof_**; however, the effect of interruption of prescription as to other persons shall continue.

La. R.S. § 13:5107(D)(1)-(3) (emphasis added).

Louisiana Code of Civil Procedure article 1672(C), referenced in the second paragraph above, allows the plaintiff to escape dismissal for failure to timely request service based on good cause being shown.

While in state court, the plaintiff requested service via the clerk of court within 90 days of filing his action. But the plaintiff did not pay the civil sheriff's service fee within that 90 day period, so service was not effected as part of that timely request. To

be sure, courts sitting in Louisiana both state and federal have repeatedly grappled with the meaning of "requesting" service, which is all that the statute requires; the statute does not require that service be effected within the 90 day period. Relying solely on authority from Louisiana's First Circuit, the OPCD contends that *requesting* service for purposes of § 5107(D)(1) includes <u>both</u> a request for service (done) and payment of the service fees (not done) within 90 days of filing the petition. *See Jones v. Iberville Par. Council*, 111 So. 3d 83 (La. App 1st Cir. 2012).

Two aspects of the OPCD's motion trouble the Court and persuade it that the motion should be denied. First of all, instead of urging the service issue in state court after the OPCD was served nearly a year ago, the OPCD not only removed the action to federal court but then waited months after removal to seek dismissal of the lawsuit based on improper service. A scheduling conference has been held and this case has been calendared for a jury trial in federal court. The Court is not suggesting that a waiver has occurred but the Court notes that at this juncture the notion of a dismissal *without* prejudice is illusory in light of § 13:5107(D)(3), which would render time-barred, upon refiling, the plaintiff's otherwise-timely claims.

Second, if the OPCD had urged the service issue in state court instead of removing this case then its motion/exception likely would have been denied in light of authority from Louisiana's Fourth Circuit, which has rejected the suggestion that a *request* for service includes payment of the sheriff's fees. *See Draten v. University Med. Ctr. Mgt. Corp.*, 325 So. 3d 441 (La. App. 4th Cir. 2021); *Parker v. Rite Aid Corp.*, 843 So. 2d 1140 (La. App. 4th Cir. 2003). The OPCD cannot circumvent this authority by removing to federal court and then selectively choosing authority from a circuit whose precedent is more favorable to its position and would likely not have been followed by

the state court judge in this case.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **FRCP 12(b)(5) Motion to Dismiss (Rec. Doc. 12)** filed by the defendant, Orleans Parish Communications District is **DENIED**.

May 5, 2023

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE